UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


| | | |
|---|---|---|
| JAMES COVINGTON, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.  05-10631-RWZ |
| | ) | |
| PETER H. FAUVER, ESQ., | ) | |
| BLAINE R. HAWKES, ESQ., | ) | |
| Defendants. | ) | |


ORDER FOR DISMISSAL

ZOBEL, D.J.

On March 30, 2005, plaintiff James Covington, currently a prisoner at the New Hampshire

State Prison in Concord, NH, filed his self-prepared civil action alleging violations of 42 U.S.C.

§§1983 and 1985 (conspiracy to violate civil rights), and state tort claims for misrepresentation and

fraud, against two New Hampshire residents, and an Application to Proceed *in forma pauperis*, along

with his prison account statement.

The defendants include Peter  Fauver, a New Hampshire state court judge who presided over

Plaintiff's criminal case charging him with second degree murder, and Attorney Blaine Hawkes, his

court appointed defense counsel in the criminal matter.

Plaintiff  contends that Attorney Hawkes retained a psychiatric expert in Massachusetts, but

failed to disclose the contents of the psychiatric report, indicating that he suffered from a major

psychiatric illness which diminished his capacity to appreciate the wrongfulness of his conduct.   He

further alleges that Judge Fauver failed to allow funds for expert fees for the psychiatrist, and that as a

result, Plaintiff agreed to plead guilty, and on May 12, 2000 he was sentenced to thirty years to life.

Plaintiff further claims that from December 1999 to May 1999 [sic] the defendants "directed their action into the Commonwealth of Massachusetts" through the psychiatrist at Harvard Medical School [Complaint, ¶15]. Plaintiff contends that Judge Fauver instigated and led an extrajudicial role in the defense, by attempting to get the expert to "roll back" his expert fees. He further claims his counsel misrepresented the contents of expert report in order to preclude an insanity defense, which deprived him of a trial. He also claims ineffective assistance of counsel, and seeks money damages from both defendants.

A review of the complaint indicates that 1) all parties are citizens of New Hampshire, 2) the underlying criminal proceedings forming the basis of this action took place in New Hampshire; and 3) the only connection this case has to Massachusetts is based on the fact that the expert psychiatrist used in connection with Plaintiff's criminal case, was located in Cambridge, MA. While Plaintiff alleges there were mail and telephonic communications to the psychiatrist from the defendants, the connection to this District is tenuous at best, and it is clear that "a substantial part of the events or omissions giving rise to the claim" occurred in New Hampshire, and not in Massachusetts. 28 U.S.C. §1391(b).[1]

Accordingly, venue is not proper in this District, and proper venue rests in the District of New Hampshire. Title 28 U.S.C. §1406(a) provides that "The district court of a district in which is filed a

---

[1]This civil action (where jurisdiction is not based solely on diversity), may be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. §1331(b).

case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice,

transfer such case to any district or division in which it could have been brought." Id. (emphasis

added).  In this case, because it appears that Plaintiff has deliberately chosen to file his action in this

District rather than the District of New Hampshire[2], this Court concludes that it would not be in the

interest of justice to transfer this action to the District of New Hampshire; rather, dismissal of the case is

appropriate.[3]

Accordingly, plaintiff's request to proceed *in forma pauperis* is DENIED and the action is

DISMISSED without prejudice to refiling it in a proper judicial district. See Pree v.Stone & Webster

Engineering Co., et al., 1998 WL 169531 (N.D. Cal. 1998) citing  In re Hall,  939 F.2d 802, 804 (9th

Cir.1991) (district court may dismiss without prejudice for improper venue); Costlow v. Weeks, 790

---

[2]The Court infers from Plaintiff's somewhat artfully drafted complaint, alleging that the defendants "directed their actions into the Commonwealth of Massachusetts" that Plaintiff has deliberately chosen to file his action in this District, and the failure to file the action in the District of New Hampshire was not an inadvertent mistake on his part, but rather a conscious attempt to litigate the claim here.  Plaintiff is deemed to be aware of the option to sue in federal court in New Hampshire, since he has previously filed an unsuccessful §2254 petition in the District of New Hampshire (See Covington v. Prison Warden, C.A. 02-00592-PB (Judgment for Respondent entered).

[3]The Court notes, without deciding, that Plaintiff's claims raise statute of limitations issues, as well as other issues which may subject a re-filed action to *sua sponte* dismissal on the merits pursuant to 28 U.S.C. §1915(e)(2) for failure to state a claim upon which relief may be granted or which seeks monetary relief against a defendant who is immune. Here, suit against a judge and state appointed defender invoke immunity considerations as to the federal civil rights claims.  See, e.g., Mireles v. Waco, 502 U.S. 9, 11 (1991) (per curiam) ("[J]udicial immunity is an immunity from suit, not just from the ultimate assessment of damages);  Pierson v. Ray, 386 U.S. 547, 554 (1967) ("[I]mmunity applies even when the judge is accused of acting maliciously and corruptly); Polk County v. Dodson, 454 U.S. 313, 471 (1981)(public defender is not agent of state for §1983 purposes); Malachowski v. City of Keene, 787 F.2d 704, 710 (1st Cir. 1986) (same) .  In view of this, the potential statute of limitations issue presented does not in and of itself provide a sufficient basis for transfer (as opposed to dismissal) of this action, since dismissal of this action would not appear to result in any prejudice to Plaintiff.

F.2d 1486, 1488 (9th Cir.1986) (court may, *sua sponte*, raise issue of proper venue).


Dated:  April 6, 2005                                    /s/ Rya W. Zobel
                                                         RYA W. ZOBEL
                                                         UNITED STATES DISTRICT JUDGE